## In re BEDFORD COMPUTER CORPO- RATION, Bedford Research Corporation, Debtors.

**Bankruptcy Nos. 85–493, 85–494.**

United States Bankruptcy Court, D. New Hampshire.

Dec. 17, 1987.

Joseph F. Ryan, Boston, Mass., Robert Hinkley, Manchester, N.H., for debtor.

Steven Greene, Boston, Mass., for Creditors' Committee.

## ORDER ON FINAL FEE AWARDS

JAMES E. YACOS, Bankruptcy Judge.

This case came before the court on November 30, 1987 upon various applications for final fee awards and reimbursement of expenses. All applications were noticed to creditors and the United States Trustee by the Clerk of this court with provision that any objections to the applications be filed on or before November 26, 1987. No objections were filed to the applications by said deadline and no party in interest appeared at the November 30, 1987 hearing in opposition to any of the applications.

Notwithstanding the foregoing the court, in exercise of its independent responsibility in this area, has reviewed the said applications and the entire record in this case to determine the appropriate level of reasonable fee compensation, and the nature of necessary and proper expenses entitled to reimbursement, in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and relevant case law decisions in this Circuit and the United States Supreme Court.

The court in this case has particularly reviewed the reasonableness of the time expended, and the hourly rates charged, in view of the retention by the debtors in possession of out-of-state counsel as lead counsel representing the debtors in possession during these chapter 11 reorganization proceedings. That review has satisfied the court that the debtor made an appropriate effort to minimize administrative expenses by retention of local counsel, and that retention of out-of-state counsel was justified under the circumstances of this case. The court also finds that out-of-state counsel and local counsel appointed for the debtors in possession have conscientiously eliminated as much as possible overlapping time and unnecessary duplication of efforts. Finally, the travel costs incurred by retention of out-of-state counsel for the debtors in possession in this case are a relatively small amount in relation to the size of the case and are also reasonable in the circumstances.

The court also notes that this proceeding has resulted in a successful confirmed chapter 11 reorganization plan in which that possibility was highly uncertain at the outset due to numerous existing legal and practical obstacles in the debtors' path, and

that counsel for the debtors in possession had to expend considerable time at the outset of the case when it was not readily apparent that there would be free assets available to cover compensation for that effort had it proved unsuccessful. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

1. Brown, Rudnick, Freed and Gesmer, Esquires, co-counsel for the debtors in possession, are hereby allowed the fees and expenses as requested, as being reasonable and necessary and proper, with total allowance in the amount of $708,915.19 less $242,648.50 compensation previously allowed leaving a balance of $466,266.69 to be paid under this order.

2. Hinkley and Hahn, Esquires, co-counsel for the debtors in possession, are hereby allowed the fees and expenses as requested, as being reasonable and necessary and proper, with total allowance in the amount of $76,742.68 less $40,000.00 compensation previously allowed leaving a balance of $36,742.68.

3. Riemer & Braunstein, Esquires, counsel to the Official Unsecured Creditors' Committee, are hereby allowed the fees and expenses as requested, as being reasonable and necessary and proper, with total allowance in the amount of $45,796.00 less $16,361.22 compensation previously allowed leaving a balance of $29,434.78.

4. Michael I. Bornstein, Certified Public Accountant appointed by this court, is hereby allowed a reasonable fee in the amount of $2,950.00.